| | | |
|---|---|---|
| BROADCAST MUSIC, INC.; INTERIOR MUSIC CORP.; SONGS OF UNIVERSAL, INC.; MOONPIE MUSIC LLC; UNIVERSAL-MILLHOUSE MUSIC, a division of MAGNA SOUND CORP.; PIE EYED GROOBEE MUSIC, a division of GROOBEE ENTERTAINMENT, INC.; SONY/ATV SONGS LLC; SUFFER IN SILENCE MUSIC; SAMS JAMMIN SONGS; MOEBETOBLAME MUSIC; SEVEN SUMMITS MUSIC d/b/a NASHVISTAVILLE SONGS; SONY/ATV SONGS LLC d/b/a ACUFF ROSE MUSIC; CHAYLYNN MUSIC; OLE MEDIA MANAGEMENT LP d/b/a OLE BLACK TO BLACK SONGS; I HOPE MOMMA'S LISTENING MUSIC; EMI BLACKWOOD MUSIC INC.; WARNER-TAMERLANE PUBLISHING CORP.; LUCKY THUMB MUSIC; NOAH'S LITTLE BOAT MUSIC; SEA GAYLE MUSIC LLC d/b/a NEW SONGS OF SEA GAYLE; ELDEROTTO MUSIC PUBLISHING; BIG GASSED HITTIES; UNIVERSAL MUSIC MGB NA LLC d/b/a UNIVERSAL MUSIC CAREERS; WOOLLY PUDDIN' MUSIC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO.: |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **COMPLAINT** |
| VICK AND BERRYHILL ENTERTAINMENT, LLC d/b/a ROCKHOUSE TAVERN AND BILLIARDS; a/k/a ROCK HOUSE; LYMAN DAVID VICK and DONALD DAVID BERRYHILL, each individually, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 8.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Interior Music Corp. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff Songs of Universal, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff Moonpie Music LLC is a limited liability company. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Universal-Millhouse Music is a division of Magna Sound Corp., a

corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff Pie Eyed Groobee Music is a division of Groobee Entertainment, Inc., a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff Sony/ATV Songs LLC is a limited liability company. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Plaintiff Suffer In Silence Music is a sole proprietorship owned by Phillip Wayne Barnhart. This Plaintiff is the copyright owner of at least one of the songs in this matter.

12. Plaintiff Sams Jammin Songs is a sole proprietorship owned by Samuel Harper Hogin. This Plaintiff is the copyright owner of at least one of the songs in this matter.

13. Plaintiff Moebetoblame Music is a partnership owned by Michael Balzary, John Anthony Frusciante, Anthony Kiedis and Chad Gaylord Smith. This Plaintiff is the copyright owner of at least one of the songs in this matter.

14. Plaintiff Seven Summits Music is a corporation doing business as Nashvistaville Songs. This Plaintiff is the copyright owner of at least one of the songs in this matter.

15. Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as Sony/ATV Acuff Rose Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

16. Plaintiff Chaylynn Music is a sole proprietorship owned by Jennifer Kathleen Hanson. This Plaintiff is the copyright owner of at least one of the songs in this matter.

17. Plaintiff Old Media Management LP is a limited partnership doing business as Ole Black To Black Songs. This Plaintiff is the copyright owner of at least one of the songs in this matter.

18. Plaintiff I Hope Momma's Listening Music is a sole proprietorship owned by

Martin Edward Dodson. This Plaintiff is the copyright owner of at least one of the songs in this matter.

19. Plaintiff EMI Blackwood Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

20. Plaintiff Warner-Tamerlane Publishing Corp. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

21. Plaintiff Lucky Thumb Music is a sole proprietorship owned by Cory J. Gierman. This Plaintiff is the copyright owner of at least one of the songs in this matter.

22. Plaintiff Noah's Little Boat Music is a sole proprietorship owned by Lee Thomas Miller. This Plaintiff is the copyright owner of at least one of the songs in this matter.

23. Plaintiff Sea Gayle Music LLC is a limited liability company doing business as New Songs Of Sea Gayle. This Plaintiff is the copyright owner of at least one of the songs in this matter.

24. Plaintiff Elderotto Music Publishing is a sole proprietorship owned by James Allen Otto. This Plaintiff is the copyright owner of at least one of the songs in this matter.

25. Plaintiff Big Gassed Hitties is a sole proprietorship owned by Jamey Van Johnson. This Plaintiff is the copyright owner of at least one of the songs in this matter.

26. Plaintiff Universal Music MGB NA LLC is a limited liability company doing business as Universal Music Careers. This Plaintiff is the copyright owner of at least one of the songs in this matter.

27. Plaintiff Woolly Puddin' Music is a partnership owned by Emily Burns Erwin, Martha Eleanor Erwin and Natalie M. Tarabay. This Plaintiff is the copyright owner of at least one of the songs in this matter.

28. Defendant Vick and Berryhill Entertainment, LLC is a limited liability company

4

organized and existing under the laws of the State of North Carolina, which operates, maintains and controls an establishment known as Rockhouse Tavern and Billiards, located at 2699 Aberdeen Blvd., Gastonia, North Carolina 28054, in this district (the "Establishment").

29. In connection with the operation of the Establishment, Defendant Vick and Berryhill Entertainment, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

30. Defendant Vick and Berryhill Entertainment, LLC has a direct financial interest in the Establishment.

31. Defendant Lyman David Vick is a member of Defendant Vick and Berryhill Entertainment, LLC with responsibility for the operation and management of that limited liability company and the Establishment.

32. Defendant Lyman David Vick has the right and ability to supervise the activities of Defendant Vick and Berryhill Entertainment, LLC and a direct financial interest in that limited liability company and the Establishment.

33. Defendant Donald David Berryhill is a member of Defendant Vick and Berryhill Entertainment, LLC with responsibility for the operation and management of that limited liability company and the Establishment.

34. Defendant Donald David Berryhill has the right and ability to supervise the activities of Defendant Vick and Berryhill Entertainment, LLC and a direct financial interest in that limited liability company and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

35. Plaintiffs repeat and reallege each of the allegations contained in the foregoing

paragraphs 1 through 34.

36. Since February 2012, BMI has reached out to Defendants over 130 times, by phone, in-person visits, mail and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

37. Plaintiffs allege ten (10) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

38. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the ten (10) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and

Line 8 identifying the establishment where the infringement occurred.

39. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

40. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

41. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

42. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

43. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray the Court that:

1.  Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

2.  Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

3.  Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

4.  Plaintiffs have such other and further relief as is just and equitable.

Dated: February 12, 2016                WILLIAMS MULLEN

/s/ M. Keith Kapp
M. Keith Kapp
N.C. Bar No. 8850
Post Office Box 1000
Raleigh, North Carolina 27602
Telephone: (919) 981-4000
Facsimile: (919) 981-4300
kkapp@williamsmullen.com
*Attorneys for Plaintiffs*